Case 5:21-cv-00034 Document 1-4 Filed on 03/22/21 in TXSD Page 1 of 9

Filed
1/12/2021 10:46 AM
Esther Degollado
District Clerk
Webb District
Diana Vela
2021CVA000064D4

CAUSE NO. 2021CVA000064D4

| | | |
|---|---|---|
| LUIS ANGEL MARTINEZ and GILBERTO CASTANEDA § <br> Plaintiffs § <br> § <br> § <br> VS. § <br> § <br> ERIK ROMERO SERRANO and § <br> SERVICIOS DE TRANSPORTACION § <br> JAGUAR § <br> Defendants § | | IN THE DISTRICT COURT <br><br><br><br><br> ___ JUDICIAL DISTRICT <br><br><br><br> WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LUIS ANGEL MARTINEZ and GILBERTO CASTANEDA, hereinafter referred to as Plaintiff, complaining of ERIK ROMERO SERRANO and SERVICIOS DE TRANSPORTACION JAGUAR, hereinafter referred to as Defendants, and for her cause of action would respectfully show unto the Court and Jury as follows:

### Discovery Control Plan

1.0    Plaintiff, LUIS ANGEL MARTINEZ and GILBERTO CASTANEDA, damages far exceed $100,000.00 and hereby intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.

### Introduction

2.0    Plaintiff, LUIS ANGEL MARTINEZ and GILBERTO CASTANEDA, are residents of Laredo, Webb County, Texas.

2.1    Defendant, ERIK ROMERO SERRANO, is a resident of 10210 Otilio Montano, Nuevo Laredo, Mx and pursuant to Texas Civil Practices and Remedies Codes § 17.062 may be cited to appear by serving the citation and a copy of this petition together with copies of Plaintiff's Original

Petition on his agent for service of process, J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission by certified mail return receipt requested at 125 East 11th Street, Austin, Texas 78701. Immediately after being served, the Chairman, by properly addressed letter, shall mail to the non-resident (1) a copy of the process and (2) notice that the process has been served on the Chairman. The notice and copy of the process must be sent to ERIK ROMERO SERRANO by registered mail or by certified mail return receipt requested with the postage pre-paid at 10210 Otilio Montano, Nuevo Laredo, Mexico.

2.3     Defendant, SERVICIOS DE TRANSPORTACION JAGUAR, is a resident of Hermilo Mena 15, San Juan Ixhuatepec, 54180 and pursuant to Texas Civil Practices and Remedies Codes § 17.062 may be cited to appear by serving the citation and a copy of this petition together with copies of Plaintiff's Original Petition on his agent for service of process, J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission by certified mail return receipt requested at 125 East 11th Street, Austin, Texas 78701. Immediately after being served, the Chairman, by properly addressed letter, shall mail to the non-resident (1) a copy of the process and (2) notice that the process has been served on the Chairman. The notice and copy of the process must be sent to SERVICIOS DE TRANSPORTACION JAGUAR, by registered mail or by certified mail return receipt requested with the postage pre-paid at Hermilo Mena 15, San Juan Ixhuatepec, Tlalnepantla, 54180 Mexico.

## Venue Facts

3.0     Plaintiff is maintaining this cause of action in Webb County, Texas because the incident which is the subject matter of this lawsuit occurred in Laredo, Webb County, Texas. Plaintiff is further maintaining this cause of action in Webb County, Texas pursuant to section 15.002 (a)(1) of the Texas Civil Practice and Remedies Code.

## Classification

4.0     Plaintiff is bringing this cause of action against the named Defendants for personal and bodily injuries caused by an incident which occurred on or about February 14, 2019 in Laredo, Texas.

## Background Information

5.0     On or about March 14, 2019, Plaintiff, LUIS ANGEL MARTINEZ and GILBERTO CASTANEDA, were in a 2006 Nissan 350z traveling eastbound on the 1000th block of Beltway Parkway. Defendant ERIK ROMERO SERRANO was in a 2012 white International Prostar traveling directly behind Plaintiffs when he failed to control speed, failed to keep a proper lookout and collided into Plaintiff's vehicle. Defendant ERIK ROMERO SERRANOS'S inattention, reckless driving and/or gross negligence caused the incident made the basis of this lawsuit.

5.1     Plaintiff further allege that Defendant ERIK ROMERO SERRANO was in the course and scope of his employment for SERVICIOS DE TRANSPORTACION JAGUAR, at the time of the collision in question. Furthermore, Defendant, ERIK ROMERO SERRANO operated said vehicle with Defendant SERVICIOS DE TRANSPORTACION JAGUAR.'S, implied and/or express permission and for the economic benefit of said Defendant at the time of the collision made the basis of this lawsuit.  Therefore, one or more of the Defendants named herein are liable to for her injuries and damages under the Respondeat Superior doctrine.

## Negligent Actions of ERIK ROMERO SERRANO

6.0     On the occasion in question, Defendant, ERIK ROMERO SERRANO, operated his vehicle in a negligent manner, in that he violated the duty which he owed Plaintiff, LUIS ANGEL MARTINEZ and GILBERTO CASTANEDA, to exercise ordinary care in the operation of a motor vehicle in one or more of the following respects:

    a.     In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    b.      In failing to timely apply the brakes to his vehicle in order to avoid the collision in question;

    c.      In failing to take proper evasive action and avoid the collision in question;

    d.      In failing to control the speed of his vehicle to avoid the collision in question;

    e.      In failing to maintain attention while driving, as a reasonable prudent person would have done;

    f.      In driving his vehicle in willful or wanton disregard for the safety of other persons in violation of §545.401 and §545.152 of the Texas Transportation Code, which constitutes negligence and negligence per se.

    g.      In failing to keep a safe driving distance between his vehicle and the vehicles in front of him.

6.1     Plaintiff would further show that the above and foregoing acts were separate and distinct acts of negligence and that they are the direct and proximate cause of the incident in question and the Plaintiff's resultant injuries as will be more accurately described herein below.

6.2     Each of these acts and omissions, singularly or in combination constituted negligence and negligence per se which proximately caused the accident made the basis of this lawsuit, and the damages and injuries suffered by the Plaintiff.

## Gross Negligence of Defendants

7.0     Defendants, ERIK ROMERO SERRANO, SERVICIOS DE TRANSPORTACION JAGUAR, conduct amounted to gross negligence to the extent that their acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

**Respondeat Superior**

8.0     On the occasion in question, Defendant ERIK ROMERO SERRANO was an agent, employee, and/or representative of Defendant, SERVICIOS DE TRANSPORTACION JAGUAR, acting in the course and scope of his agency and/or employment and thus Defendant, SERVICIOS DE TRANSPORTACION JAGUAR, are liable for the tortious acts and/or omissions of its employee and/or representative, pursuant to the doctrine of Respondeat Superior and/or Agency.

**Negligent Actions of SERVICIOS DE TRANSPORTACION JAGUAR**

9.0     Plaintiff, LUIS ANGEL MARTINEZ AND GILBERTO CASTANEDA, alleges that on the occasion in question, Defendant, SERVICIOS DE TRANSPORTACION JAGUAR, was negligent in that it violated the duty which it owed Plaintiff, to exercise ordinary care in the operation of its business in one or more of the following respects:

   a.   In failing to use ordinary care and properly screen prospective employees and/or agents and negligently hiring, ERIK ROMERO SERRANO;

   b.   In failing to supervise and monitor, ERIK ROMERO SERRANO as a reasonable company would have done under the same or similar circumstances;

   c.   In failing to train its employee and/or agent ERIK ROMERO SERRANO as a reasonable company would have done under the same or similar circumstances;

   d.   In retaining its employee and/or agent ERIK ROMERO SERRANO after Defendant, SERVICIOS DE TRANSPORTACION JAGUAR, knew or should have known that the continued employment and/or services of ERIK ROMERO SERRANO would create an unreasonable risk and harm to others; and

   e.   In failing to enforce and ensure compliance of established safety and operational rules and regulations for its employees and/or agents as reasonable company would have done under the same or similar circumstances.

9.1     Plaintiff would further show that the above and foregoing acts were separate and distinct acts of negligence and that they are the direct and proximate cause of the incident in question and the Plaintiff's resultant injuries and damages as will be more accurately described herein below.

9.2     Each of these acts and omissions, singularly or in combination with such other acts and omissions constituted negligence which proximately caused the incident made the basis of this lawsuit, and the damages and injuries suffered by the Plaintiff.

### Negligent Entrustment Theory

10.0    Plaintiffs LUIS ANGEL MARTINEZ AND GILBERTO CASTANEDA further allege that Defendant, SERVICIOS DE TRANSPORTACION JAGUAR, was the owner of the vehicle being driven by Defendant, ERIK ROMERO SERRANO, at the time of the incident in question. Defendant, SERVICIOS DE TRANSPORTACION JAGUAR, was negligent in entrusting said vehicle to Defendant, ERIK ROMERO SERRANO, in that the said Defendant, ERIK ROMERO SERRANO was an unskilled, incompetent, and reckless driver, and that the Defendant, SERVICIOS DE TRANSPORTACION JAGUAR, knew or through the exercise of ordinary and prudent care, should have known that ERIK ROMERO SERRANO was an unskilled, incompetent, and reckless driver; that the Defendant, SERVICIOS DE TRANSPORTACION JAGUAR, was therefore negligent in entrusting said vehicle to Defendant, ERIK ROMERO SERRANO, and such negligent act on the part of SERVICIOS DE TRANSPORTACION JAGUAR, was a direct and proximate cause of the incident in question and the Plaintiff's resultant injuries and damages. Therefore, Plaintiff is entitled to and hereby sue said Defendant, SERVICIOS DE TRANSPORTACION JAGUAR, pursuant to the negligent entrustment theory.

### Damages of Plaintiff LUIS ANGEL MARTINEZ

11.0    As a result of the collision made the basis of this action, Plaintiff, LUIS ANGEL MARTINEZ, has suffered serious injuries to her body as a whole in that said injuries caused him to suffer severe physical pain and mental anguish in the past. In all reasonable probability, they will continue to so suffer such physical pain and mental anguish in the future.

11.1     As a further result of the Defendants' negligence, Plaintiff, LUIS ANGEL MARTINEZ, has been caused to incur reasonable and necessary medical expenses in the past and in all probability, will continue to so incur reasonable and necessary medical expenses in the future.

11.2     Plaintiff, LUIS ANGEL MARTINEZ, would further show that as a result of the injuries he sustained due to the Defendants' negligence, he has suffered physical impairment in the past and in all reasonable probability, he will continue to so suffer physical impairment in the future.

11.3     Plaintiff would further show that he has been unable to perform his regular household chores and/or services due to the Defendants' negligence and thus, Plaintiff hereby sues said Defendants for his loss of household chores and/or services.

11.4     Plaintiff would further show that he has suffered disfigurement due to the Defendants' negligence and thus, Plaintiff hereby sues said Defendants for his disfigurement to his body.

## Damages of Plaintiff GILBERTO CASTANEDA

12.0     As a result of the collision made the basis of this action, Plaintiff, GILBERTO CASTANEDA, has suffered serious injuries to his body as a whole in that said injuries caused him to suffer severe physical pain and mental anguish in the past. In all reasonable probability, they will continue to so suffer such physical pain and mental anguish in the future.

12.1     As a further result of the Defendants' negligence, Plaintiff, GILBERTO CASTANEDA, has been caused to incur reasonable and necessary medical expenses in the past and in all probability, will continue to so incur reasonable and necessary medical expenses in the future.

12.2     Plaintiff, GILBERTO CASTANEDA, would further show that as a result of the injuries he sustained due to the Defendants' negligence, he has suffered physical impairment in the past and in all reasonable probability, he will continue to so suffer physical impairment in the future.

12.3   Plaintiff would further show that he has been unable to perform his regular household chores and/or services due to the Defendants' negligence and thus, Plaintiff hereby sues said Defendants for his loss of household chores and/or services.

12.4   Plaintiff would further show that he has suffered disfigurement due to the Defendants' negligence and thus, Plaintiff hereby sues said Defendants for his disfigurement to his body.

## Pre-Judgment & Post Judgment Interest

13.0.   Plaintiff further alleges that he is entitled to recover pre-judgment and post-judgment interest at the maximum legal rate as provided for by law.

13.1   By reason of all of the above and foregoing elements, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court and for which he hereby sues said Defendants.

## Requests for Disclosure

14.0   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs hereby requests that Defendant disclose on or before the first business day following the expiration of fifty (50) days from Defendant's receipt of service of this Petition, the information and material described in Tex. R. Civ. P. 194.2 (a) – (l).

## Notice Pursuant to Texas Rule of Civil Procedure 193.7

15.0   Pursuant to Tex. R. Civ. Proc. 193.7, Plaintiffs serve notice on Defendant that Plaintiff intends to use Defendant's discovery responses in any pretrial proceeding or at the trial of this cause of action.

## Prayer

16.0   WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray for the following:

   1. Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate as prescribed by law;

2. Pre-judgment and post-judgment interest at the prevailing legal rate as provided by law and by statute;

3. Costs of suit;

4. Such other and further relief, both general and special at law and in equity, to which Plaintiffs may show himself justly entitled.

Respectfully Submitted,

THE LAW FIRM OF OSCAR A. GARZA, P.L.L.C.
6243 IH-10 West, Suite 970
San Antonio, Texas 78201
Tel.: (210) 732-3030
Fax: (210) 732-3031

By: _____
Oscar A. Garza
State Bar No. 24040960
ogarza@oscargarzalaw.com